ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

RANDALL LEONARD (FLBN 0056205)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7018
    Fax: (415) 436-7234
    Email: Randall.Leonard@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NOS. CR 16-479 CRB |
| Plaintiff, | CR 17-485 CRB |
| v. | GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM AND RESPONSE TO MOTION |
| JOCELYN SARAH KIRSCH, | |
| Defendant. | |

    Kirsch first appeared for sentencing on her Form 12 violation and guilty plea to credit-card fraud on March 2, 2018, over four months ago. At that time, the parties had agreed to a prison term of 24 months' imprisonment, which balanced Kirsch's brazenness and recidivism with her psychiatric issues and medical treatment.

    Then Kirsch lied to the Court, and the imposition of her sentence was postponed. Kirsch remained on bail while her victims waited—and continue to wait—for a just resolution to this case. The government opposes Kirsch's motion for voluntary surrender or delay of sentencing. To date, Kirsch's fraud against the court has, in effect, rewarded her by delaying her sentencing and incarceration. Kirsch should be rewarded no further. She should be remanded at her sentencing.

GOV'T SUPP'L SENTENCING MEMO/MOTION RESPONSE
CR 16-479; CR 17-485

Just as important, the Court should impose a sentence that accounts for Kirsch's attempted fraud against the Court when she lied to her probation officer. When conducting the delicate and solemn task of sentencing a defendant, courts must be able to rely on the information the parties provide probation officers. Without that reliability, the fairness and integrity of the entire process is called into question. The rule of law is jeopardized.

Kirsch's sentence should reflect the harm she threatened with her dishonesty to the probation officer in this case. She and others must be deterred from similar conduct. A 24-month sentence, which the parties agreed to *before* Kirsch's dishonesty to the Court, is no longer sufficient. Now, only a high-end Guidelines sentence of 31 months' imprisonment—which comprises consecutive high-end sentences for her Form 12 and credit-card fraud—will comply with the purposes of sentencing. *See* 18 U.S.C. §3553(a); *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) ("a Guidelines sentence will usually be reasonable") (internal quotations marks and citations omitted). The Probation Officer thought that such a sentence was necessary four months ago. *See* PSR, Sentencing Recommendation, p. 3 ("As such, it is further recommended that this [21-month] sentence run consecutive to any sentence imposed for the supervised release violation."). It is certainly necessary now.

Respectfully submitted,

                                         ALEX G. TSE
                                       Acting United States Attorney

Dated: July 9, 2018                     /s/
                                       RANDALL LEONARD
                                       Assistant United States Attorney